## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

LILIANA LORETE,

        Plaintiff,

vs.                                     Case No.  3:21-cv-445-MMH-JBT

LOUIS DEJOY, Postmaster
General,

        Defendant.

_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant Louis DeJoy's Motion to
Dismiss Second Amended Complaint (Doc. 14; Motion), filed October 20, 2021.
On December 10, 2021, Plaintiff Liliana Lorete filed a response in opposition to
the Motion.  See Plaintiff's Response to Defendant's Motion to Dismiss Second
Amended Complaint (Doc. 18; Response).  With leave of the Court, DeJoy filed
a reply on December 14, 2021.  See Defendant's Reply in Further Support of Its
Motion to Dismiss the Second Amended Complaint (Doc. 22; Reply).
Accordingly, this matter is ripe for review.

## I.    Procedural History

Lorete initiated this action, with the assistance of counsel, by filing her
Complaint (Doc. 1; Original Complaint) on April 23, 2021.  Upon observing some

irregularities in the Original Complaint, the Court set the matter for a status conference.  <u>See</u> Notice of Hearing (Doc. 4), filed May 3, 2021.  The Court discussed its concerns regarding the Original Complaint on the record and directed counsel to file a corrected complaint. <u>See</u> Clerk's Minutes (Doc. 5), filed May 6, 2021.  Lorete filed her Corrected Complaint (Doc. 6; Corrected Complaint) on May 28, 2021, but, in doing so, failed to address one of the concerns raised by the Court.  Thus, the Court scheduled a telephonic status conference, at which the Court, with the agreement of counsel, made corrections to the Corrected Complaint, by interlineation, and directed the Clerk of the Court to re-docket the edited Corrected Complaint as Plaintiff's Second Corrected Complaint.  <u>See</u> Clerk's Minutes (Doc. 8), filed June 9, 2021.  The Clerk of the Court did so on June 9, 2021, making the Second Corrected Complaint the Operative Complaint in this action.  Second Corrected Complaint (Doc. 9; Operative Complaint).

In the Operative Complaint, Lorete, who is of Hispanic descent, alleges that the United States Postal Service (Postal Service), led by the Postmaster General DeJoy, discriminated and retaliated against her in the course of her employment.  <u>See</u> Operative Complaint ¶¶ 1–2, 8.  In Count I of the Operative Complaint, Lorete asserts a hostile work environment claim pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000 <u>et seq.</u>, and the Florida Civil Rights Act of 1992 (FCRA), Chapter 760, Florida Statutes.  <u>See</u>

Operative Complaint ¶¶ 47–54.  In Count II, Lorete alleges that the Postal Service retaliated against her because of her protected activity, in violation of Title VII and the FCRA.  See id. ¶¶ 55–59.  In Counts III and IV, Lorete asserts claims under 42 U.S.C. § 1983 for ethnic harassment and retaliation, respectively.  See Operative Complaint ¶¶ 60–70. According to Lorete, she "has met all statutory requirements and jurisdictional prerequisites for [her] Title VII civil rights claims."  Id. ¶ 4.  Citing to "exhibit A," Lorete references the complaints that she submitted to the U.S. Equal Employment Opportunity Commission (EEOC).  Id. ¶ 30.  However, neither the Original Complaint nor the Operative Complaint has an exhibit attached.

In the Motion, DeJoy argues that Lorete's Operative Complaint must be dismissed because Lorete failed to file suit within the time required by law.  See Motion at 4.  Specifically, Dejoy contends that Lorete was required to file suit within 90 days of her receipt of the Decision Letter on September 24, 2020.  See id. (citing 42 U.S.C. § 2000e-16(c)).  Because Lorete did not commence this action within 90 days of September 24, 2020, DeJoy asserts that Lorete's Title VII claims are due to be dismissed.  See id.  Regarding Lorete's claims brought pursuant to the FCRA and § 1983, DeJoy argues that these claims are barred because Title VII is the exclusive administrative and judicial remedy for federal employees who allege workplace discrimination and retaliation.  See id. at 4–5.

- 3 -

Although Lorete does not allege the date on which she received notice of a final administrative decision on her EEOC complaints, DeJoy asserts that she received notice on September 24, 2020. <u>See</u> Motion at 1. In support of this assertion, DeJoy attached to his Motion the Final Agency Decision issued by the Postal Service on September 18, 2020 (Decision Letter), and confirmation that the Decision Letter was delivered to Lorete on September 24, 2020 (Delivery Confirmation). <u>See</u> Motion, Ex. 1: Declaration of James Reed, Exhibit A, and Exhibit B (Doc. 14-1; Reed Decl.) at 3–43. DeJoy represents that the Decision Letter and Delivery Confirmation are part of the Postal Service's administrative record in Agency Case No. 4G-320-0202-18. <u>See</u> Motion at 3; Reed Decl. at 4. In the Decision Letter, an investigator for the Postal Service explained that he issued the letter after the EEOC remanded Lorete's charges of discrimination to the Postal Service for the "issuance of a final agency decision." Reed Decl. at 5. The investigator decided in favor of the Postal Service and concluded that "this complaint is now closed with a finding of no discrimination." <u>Id.</u> at 32. The Decision Letter included a notice explaining that Lorete could appeal the Postal Service's decision to the EEOC within 30 days of receiving the Decision Letter. <u>See id.</u> at 33. According to the notice in the Decision Letter, instead of filing an appeal with the EEOC, Lorete could "file a civil action in an appropriate U.S. District Court within 90 calendar days of receipt of the Postal Service's final decision." <u>Id.</u>

In her Response, Lorete acknowledges that she received "a right to sue letter" on September 24, 2020, "as evidenced in Defendant's exhibit 14-1." Response at 1.  Lorete asserts that she initiated a lawsuit within the statutory period by filing a complaint in the Southern District of Florida on December 12, 2020.  See id.  She explains that, in that case, she failed to serve DeJoy by the April 12, 2021 deadline set by the court.  See id. at 2.  Accordingly, the Southern District of Florida dismissed Lorete's case without prejudice on April 19, 2021.  See id.  The next day, Lorete filed a motion to reopen the case, which the Southern District of Florida denied on April 21, 2021.  See id.  Two days later, Lorete initiated the instant action in this Court.  See id.  Based on this procedural history and "the COVID-19 pandemic, business closures, and unfamiliarity with service," Lorete asks the Court to find that equitable tolling excuses Lorete's failure to file this case within the statutory time period.  Id. at 2–3.  Concerning her claims under the FCRA and § 1983, Lorete concedes that Title VII is the exclusive judicial scheme for the redress of federal employment discrimination.  See id. at 3.

## II.    Standard of Review

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir.

2002).  In addition, all reasonable inferences should be drawn in favor of the plaintiff.  See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010).  Nonetheless, the plaintiff must still meet some minimal pleading requirements.  Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262–63 (11th Cir. 2004) (citations omitted).  Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted).  Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth."

<u>Iqbal</u>, 556 U.S. at 678, 680.   In addition, "[a] court need not accept as true allegations in a complaint that contradict or are inconsistent with judicially-noticed facts." <u>Chapman v. Abbott Labs.</u>, 930 F. Supp. 2d 1321, 1323 (M.D. Fla. 2013).[1]   Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 570).

**III.   Discussion**

Having reviewed the filings and the applicable law, the Court finds that this action is due to be dismissed.   Because Lorete failed to file this suit within 90 days of receiving the Decision Letter, her Title VII claims are statutorily barred.   As discussed below, Lorete has not demonstrated that equitable tolling of the statutory deadline is warranted.   The Court will also dismiss Lorete's remaining claims because Title VII is the exclusive remedy for federal employees who assert claims of workplace discrimination.

**A.      Extrinsic Evidence**

Because the Decision Letter, Delivery Confirmation, and orders from Lorete's case in the Southern District of Florida are outside the four corners of

---

[1] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. <u>See</u> <u>Stone v. First Union Corp.</u>, 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

the Operative Complaint, the Court must first determine whether it may consider these documents when ruling on the Motion.  In general, a district court "must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint."  See Day v. Taylor, 400 F.3d 1272, 1275–76 (11th Cir. 2005) (citing Rule 12(b), Federal Rules of Civil Procedure (Rule(s))).  However, the Eleventh Circuit Court of Appeals recognizes certain exceptions to this rule.  See Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) (per curiam).[2]  As relevant here, courts may consider properly judicially noticed documents in resolving a motion to dismiss.  See id. (holding that the district court "properly took judicial notice" of documents which were "public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned'" (quoting Fed. R. Evid. 201(b)); Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding.").

Because the Decision Letter and Delivery Confirmation are part of the Postal Service's administrative record and not subject to reasonable dispute, the Court will take judicial notice of these documents.  See Fed. R. Evid. 201(b)(2); Horne, 392 F. App'x at 802; Hicks v. City of Alabaster, No. 2:11-CV-

_____

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point.  See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

4107-RDP, 2013 WL 988874, at *7 n.5 (N.D. Ala. Mar. 12, 2013) ("[W]hen considering a motion to dismiss, the court may take judicial notice of the contents of relevant public records, which include EEOC Charges and Right to Sue Letters."); Hodge v. Miami Herald Co., No. 08-20633-CIV, 2008 WL 4180012, at *2 (S.D. Fla. Sept. 10, 2008) (taking judicial notice of the EEOC right-to-sue letter because "EEOC actions are matters of public record" and plaintiff did not dispute its authenticity); Mann v. Geren, No. CV407-140, 2008 WL 1766779, at *1 n.2 (S.D. Ga. Apr. 17, 2008) ("The Court takes judicial notice of plaintiff's EEOC actions as they are matters of public record."). Similarly, the Court finds that taking judicial notice of the documents publicly filed in Lorete's prior lawsuit in the Southern District of Florida is appropriate. See Horne, 392 F. App'x at 802. Lorete does not dispute the authenticity of any of these documents. See Response at 1. Moreover, when addressing a motion to dismiss on the grounds of failure to exhaust, a judge may "consider facts outside of the pleadings and [ ] resolve factual disputes as long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Brady v. Postmaster Gen., U.S. Postal Serv., 521 F. App'x 914, 916 (11th Cir. 2013) (quoting Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008)). Accordingly, in resolving the Motion, this Court will consider the Decision Letter, Delivery Confirmation, and orders in Lorete's previous case and will not convert the Motion to one for summary judgment.

**B.    Title VII Claims**

Under Title VII, a civil action must be filed in the district court within 90 days of the claimant's receipt of "notice of final action taken by" the relevant agency (in this case, the Postal Service).  42 U.S.C. § 2000e-16(a), (c); see 42 U.S.C. § 2000e-5(f)(1); Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149 (1984) (per curiam).  This 90-day limitation period begins to run upon the claimant's actual receipt of the notice, and not upon the issuance of the notice. See Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1339 (11th Cir. 1999) ("[S]tatutory notification is complete only upon actual receipt of the suit letter . . . .") (citations omitted).  In this case, Lorete failed to meet the statutory deadline. See 42 U.S.C. § 2000e-16(c); 42 U.S.C. § 2000e-5(f)(1).  Lorete received the Decision Letter on September 24, 2020. See Response at 1; Reed Decl. at 38.   The letter plainly stated that Lorete "may file a civil action in an appropriate U.S. District Court within 90 calendar days of receipt of the Postal Service's final decision." Reed Decl. at 33.  The deadline for Lorete to file a case was December 23, 2020, but Lorete did not file this lawsuit until April 23, 2021. Thus, Lorete's Title VII claims raised in this action are barred by statute unless the Court finds equitable tolling to be warranted.

As a general rule, "[p]rinciples of equitable tolling are read into every federal statute of limitation." Cook v. Deltona Corp., 753 F.2d 1552, 1562 (11th Cir. 1985) (citation omitted).  While the 90-day limitations period for filing a

Title VII action may be subject to equitable tolling, the Supreme Court has instructed that such tolling is to be utilized sparingly.  See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96 (1990).  Moreover, Lorete bears the burden of establishing "the extraordinary circumstances" that warrant the application of equitable tolling.  Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 661–62 (11th Cir. 1993); see also Williams v. Ga. Dep't of Defense Nat'l Guard Headquarters, 147 F. App'x 134, 136 (11th Cir. 2005).  In Irwin, the Supreme Court noted:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.  We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

Irwin, 498 U.S. at 96 (footnotes omitted); see also Zillyette, 179 F.3d at 1339–40 (affirming dismissal of a pro se plaintiff's complaint when he filed it eight days after the 90-day deadline expired because he delayed picking up the EEOC letter from the Post Office).  As such, to be entitled to the benefit of equitable tolling, a plaintiff must show "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstances stood in [her] way and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).  The Eleventh Circuit "has defined 'extraordinary circumstances' narrowly, and ignorance of the law does not, on

- 11 -

its own, satisfy the constricted 'extraordinary circumstances' test." <u>Jackson v. Astrue</u>, 506 F.3d 1349, 1356 (11th Cir. 2007).

Here, Lorete has not shown that she diligently pursued her rights or that extraordinary circumstances stood in her way.  Lorete asserts that the filing of her case in the Southern District of Florida demonstrates her diligence.  <u>See</u> Response at 3.  However, the Eleventh Circuit has instructed that, at least as a general rule, "the filing of a lawsuit which later is dismissed without prejudice does not automatically toll the statute of limitations." <u>Justice v. United States</u>, 6 F.3d 1474, 1478–79 (11th Cir. 1993).  In this case, Lorete's previous lawsuit filed in the Southern District does not establish that equitable tolling is warranted because Lorete did not diligently pursue relief in that case.  Lorete, represented by counsel, filed her case in the Southern District of Florida on December 12, 2020.  <u>See Lorete v. DeJoy</u>, No. 20-CV-25068-BLOOM/Otazo-Reyes, 2021 WL 1564431, at *1 (S.D. Fla. Apr. 21, 2021).  On January 12, 2021, the court in that action advised Lorete that "Federal Rule of Civil Procedure 4(m) requires service of the summons and complaint to be perfected upon defendants within 90 days after the filing of the complaint." <u>Lorete v. DeJoy</u>, No. 20-cv-25068-BLOOM/Otazo-Reyes, slip op. at 1 (S.D. Fla. Jan. 12, 2021). The court granted Lorete an extension of time in which to serve DeJoy and twice warned Lorete that "failure to serve by the stated deadline would result in dismissal." <u>Lorete</u>, 2021 WL 1564431, at *1.  Despite the extension of time, the

warnings, and the court's citation to Rule 4, Lorete—represented by counsel—never served DeJoy and never moved for an additional extension of time to effect service.  See id. at *1–2.  As a result, the Southern District of Florida dismissed without prejudice Lorete's case for failure to serve DeJoy.  See id.  Thus, Lorete's lack of diligence in serving DeJoy is precisely why the Southern District of Florida dismissed her case.  See Justice, 6 F.3d at 1480 ("Justice has not shown that he exercised due diligence in prosecuting his lawsuit.  To the contrary, his lack of diligence is precisely why the district court dismissed his original action.").

In addition to failing to act with due diligence, Lorete has not identified any extraordinary circumstances that stood in her way of serving DeJoy or timely filing this action.  Lorete represents that she was unfamiliar with how to serve an officer of the United States.  See Response at 2.  But Rule 4 explains how to serve an officer, agency, or corporation of the United States.  See Rule 4(i).  Under Circuit precedent, Lorete's ignorance of the law is not by itself an extraordinary circumstance.  See Jackson, 506 F.3d at 1356; see also Justice, 6 F.3d at 1479–80 ("[A] generally diligent plaintiff who files late because of [her] own negligence typically may not invoke equity to avoid the statute of limitations.").  And, although Lorete also asserts that "the COVID-19 Pandemic [and] business closures" were inequitable circumstances, she does not explain how these circumstances were extraordinary or how they prevented her from

serving DeJoy in the previous case or from timely filing this action.  Response at 2.  Therefore, the Court finds that Lorete is not entitled to equitable tolling, and her Title VII claims in Counts I and II are due to be dismissed.

### C.   Remaining Claims

In her Response, Lorete concedes DeJoy's argument that "Title VII provides the exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination."  Response at 3; see Motion at 4.  The parties have correctly stated the law.  See Canino v. U.S. E.E.O.C., 707 F.2d 468, 472 (11th Cir. 1983); Roland v. Potter, 366 F. Supp. 2d 1233, 1235 & n.1 (S.D. Ga. 2005).  Thus, the Court will dismiss Lorete's FCRA claims in Counts I and II and her § 1983 claims in Counts III and IV.

## IV.   Conclusion

In consideration of the foregoing, the Court finds that Lorete failed to file this action within the time required by Title VII and that she has failed to demonstrate that she is entitled to the remedy of equitable tolling.  Therefore, Lorete's Title VII claims are due to be dismissed.  In addition, Lorete's claims under the FCRA and § 1983 are barred by Title VII's exclusive, preemptive scheme.  As such, the Court will grant the Motion and dismiss this case.

Accordingly, it is

**ORDERED:**

1.  Defendant's Motion to Dismiss Second Amended Complaint (Doc. 14) is **GRANTED.**

2.  This case is **DISMISSED**.

3.  The Clerk of the Court is directed to terminate any pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on December 7, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

lc30
Copies to:

Counsel of Record